## Case No. 12,109.

### In re RUDDELL.

[2 Lowell, 124.] [1]

District Court, D. Massachusetts. May, 1872.

BANKRUPTCY — HUSBAND AND WIFE — SEPARATE CONTRACTS.

1. A married woman who comes to this state without her husband, he never having lived with her in this state, has full power to contract as if she were sole.

2. Section 29. Gen. St. c. 108. does not restrict or limit the power of such married women to contract within the bounds which the earlier sections of that chapter fix for women married and living with their husbands in this state.

3. Therefore, where such a married woman as first above mentioned contracted a debt as guarantor, and for the accommodation of a friend, the debt having no connection with her separate estate or with her trade, and became bankrupt, the debt was admitted to proof against her assets.

Application by a creditor, whose debt had been duly proved, to expunge the proof made by George W. Chipman & Co., upon certain promissory notes indorsed by the bankrupt [Jane Ruddell], and upon an account guaranteed by her. The allegations were, that the bankrupt was a married woman, and that the debts in question were contracted for the accommodation of her son-in-law. This was admitted; but it was further alleged and proved, in support of the claim, that the bankrupt was a native of Great Britain, was mar-

ried there, and was forced to leave her husband, by his neglect and inability to support her; that she had come to Boston without her husband several years ago, and had never cohabited with him here, nor been supported by him since her arrival, but had traded in her own name and on her own account.

E. Avery and C. S. Lincoln, for motion to expunge.

The statute which permits married women to hold separate estate, and to trade and contract debts, does not make valid all contracts into which they may choose to enter, but only such as relate to their trade, or to their separate estate. Such a woman cannot enter into partnership with her husband, nor contract with him at law, nor bind her separate estate by an ordinary contract which does not relate to that estate, or does not pledge it explicitly; nor can she bind herself for the accommodation or as the surety of her husband or any other person. Willard v. Eastham, 15 Gray, 328; Harrington v. Thompson, 9 Gray, 65; Burns v. Lynde, 6 Allen, 305; Plumer v. Lord, 7 Allen, 481; Gen. St. Mass. c. 108.

R. Lund, for proving creditors.

Our rights do not depend upon the law of 1855, but upon the Revised Statutes of 1836, c. 77, § 18, which, in the General Statutes, is found in section 29 of the chapter cited by the petitioner, and which gives full power to married women coming into this state without their husbands to contract as if they were sole. This is only a slight modification of the common law of Massachusetts, by which such women were held to have full power of contracting, if their husbands had deserted them, or obliged them to leave their home. Gregory v. Paul, 15 Mass. 31; Abbot v. Bayley, 6 Pick. 89.

Mr. Avery, in reply.

We admit that the bankrupt had power to contract for many purposes, but not for the accommodation of a third person. The common-law rule, applicable to women whose husbands had abjured the realm, did not extend beyond the reason for it, that is, to contracts for the support of the wife and her family; and the statute should be limited in the same way.

LOWELL, District Judge. The cases cited at the bar seem to me to establish the doctrine for which they were introduced, that, by the common law of Massachusetts, a married woman in the situation of this bankrupt might contract as if she were sole. I do not find in them any restriction, such as is suggested, to contracts for necessaries. Then comes the statute of 1836, which is as broad as it could well be. "She may make contracts, and commence, prosecute, and defend suits in her own name, and dispose of her property which may be found here, in like

manner, in all respects, as if she were unmarried." No doubt there is in this clause an implied exception of marriage contracts; but, even as to these, it may be that an action might be maintained for a breach by a man with whom the woman should have contracted as if sole. There is certainly no express exception; and if an unmarried woman can indorse notes or guaranty accounts, this bankrupt might do it, unless the General Statutes, in codifying the law, have changed it. Section 29, c. 108, begins by giving to every married woman who comes into this state without her husband all the powers given to married women in the preceding sections; and this clause must, of course, be governed by the decisions applicable to those sections which define and limit the powers of such persons; but the section then proceeds to add all the provisions of section 18 of the former act: "And may also transact business, make contracts, and commence, prosecute, and defend suits in her own name, and dispose of her property which may be found here, as if she were unmarried."

It was not the intent of this section to restrict the powers which women already had, but rather to enlarge them. The reason for enacting the first clause undoubtedly was to give, in addition to the general powers to contract and to sue, whatever other privileges women married in this state are granted by the earlier part of the chapter, such as the right to take separate property by descent, &c., and, perhaps, to dispose of their own personal property, though it might not happen to be found here. There are several such rights and powers which might not be considered as definitely granted by a privilege to contract and to dispose of property found here. It follows that Mrs. Ruddell had power to make these contracts, though they were founded upon a consideration which concerned neither her separate property nor her trade; and that they can be proved in bankruptcy. Proof to stand.